UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MIDDLE EAST CRISIS RESPONSE, DEE
DEE HALLECK, JOEL KOVEL, GALE
McGOVERN, ELAINE HENCKE, FRED
NAGEL, PIA ALEXANDER, TARAK
KAUFF, DAVID BRUNER, PAULA SILBEY,
SHEILA FINAN, and ANN FRAZIER,

          Plaintiffs,

  -against-                            1:08-CV-690
                                       (LEK/RFT)

CITY OF KINGSTON, SGT. JAMES
MAISENHELDER, sued in his individual
capacity, and JOHN DOES I through IV,
sued in their individual capacities,

          Defendants.

## ORDER

      Presently before the Court is the Plaintiffs' Motion for summary judgment, filed on September 22, 2008. Dkt. No. 10. Plaintiffs filed the Complaint in this action on June 30, 2008, alleging violations of the Plaintiffs' First Amendment and Equal Protection rights as made actionable under 42 U.S.C. § 1983. Dkt. No. 1. Defendants filed an answer on July 24, 2008. Dkt. No. 9.

      On September 23, 2008, the Defendants filed a Letter Motion requesting the Court's direction regarding Plaintiffs' Motion for summary judgment, arguing that the Motion was premature, as no discovery had taken place. Dkt. No. 14. By response, Plaintiffs filed a Letter Motion arguing that their Motion was not premature and that there was no dispute regarding

1

relevant facts in this case. Dkt. No. 15. Defendants and Plaintiffs each filed another Letter Motion as to the timeliness of the Motion for summary judgment. Dkt. Nos. 16, 17. On September 24, 2008, this Court issued an Order directing the Defendants, within 10 days, to submit an affidavit under Fed. R. Civ. P. 56(f), explaining that "for specified reasons, [they] cannot present facts essential to justify [their] opposition." Dkt. No. 18. The Defendants filed such an affidavit on October 2, 2008. Dkt. No. 19. The Plaintiffs submitted a reply to the Defendants' Rule 56(f) affidavit on October 2, 2008. Dkt. No. 20.

While Fed. R. Civ. P. 56(a) permits a plaintiff to move for summary judgment at any time after 20 days have passed since the plaintiff commenced the action, courts should ordinarily afford the opponent a reasonable opportunity to conduct discovery before entertaining such a motion. See Patton v. General Signal Corp., 984 F. Supp. 666, 670 (W.D.N.Y. 1997) ("pre-discovery summary judgment remains the exception rather than the rule"). There has been no discovery in this case; the parties' Rule 16 Conference with the Magistrate Judge was adjourned following the filing of the Plaintiffs' Motion for summary judgment.

A party opposing summary judgment who seeks a continuance to conduct further discovery must comply with the requirements of Rule 56(f). See Ruotolo v. Department of Justice, Tax Div., 53 F.3d 4, 11 (2d Cir. 1995). Rule 56(f) states that:

> If a party opposing the motion [for summary judgment] show by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

Fed. R. Civ. P. 56(f). A party seeking a continuance pursuant to Rule 56(f) must "file an

2

affidavit explaining '(1) the information sought and how it is to be obtained; (2) how a genuine issue of material fact will be raised by that information; (3) what efforts the affiant has made to obtain the information; and (4) why these efforts were unsuccessful.'" Ruotolo, 53 F.3d at 11 (quoting Sage Realty Corp. v. Insurance Co. of N. Am., 34 F.3d 124, 128 (2d Cir. 1994)).

After reviewing the Plaintiffs' Motion, the Defendants' Rule 56(f) affidavit and the Plaintiffs' Reply, the court concludes that the Defendants have satisfied Rule 56(f). The Defendants' affidavit explains that the Defendants seek to depose the Plaintiffs to gather information as to "exactly what [the Plaintiffs] were doing at the time and whether their actions could be deemed to interfere with public safety or may otherwise legitimately raise concerns with the police officers that public order and safety may be jeopardized." Defs.' Rule 56(f) Aff. at 5 (Dkt. No. 19). The Defendants also seek through depositions to ask the Plaintiffs "why they felt the alternate location was not reasonable . . . exactly what type of demonstration they were doing . . . why these activities could not have been done at the alternate location . . . [and] whether the plaintiffs even attempted to assemble and protest at the alternate location provided by the City." Id. at 5-6. Defendants also seek discovery as to whether an alternate site would have enabled Plaintiffs to communicate their message in close enough proximity to their intended audience. Id. at 6.

The Court concludes that the Defendants have adequately described the information they seek, how they seek to obtain it, and how it could raise issues of material fact under the governing law as outlined in both the Plaintiffs' Complaint and the affirmative defenses in the Defendants' Answer. The Defendants' efforts to obtain this information have been unsuccessful

due to the complete lack of discovery in this case. Therefore, Plaintiffs' Motion for summary judgment is denied without prejudice to refile once Defendants have had an opportunity for adequate discovery.

Accordingly, it is hereby

**ORDERED**, that the Plaintiffs' Motion for summary judgment (Dkt. No. 10) is **DENIED without prejudice to refile**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:   December 15, 2008
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge